# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ADAM KENNEDY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>NATURAL BALANCE PET FOODS, INC., a California corporation; WILBUR-ELLIS COMPANY, a California corporation; and DOES 2 through 100, inclusive,<br><br>Defendants. | CASE NO. 07-CV-1082 H (RBB)<br><br>ORDER:<br>(1) GRANTING IN PART AND DENYING IN PART NATURAL BALANCE'S MOTION TO DISMISS;<br>(2) GRANTING IN PART AND DENYING IN PART WILBUR-ELLIS' MOTION TO DISMISS |

Plaintiff, Robert Adam Kennedy, initially filed suit in state court on May 2, 2007. On June 13, 2007, Defendant Wilbur-Ellis Company removed the case to this Court. (Doc. No. 1.) On July 2, 2007, Defendant Natural Balance Pet Foods, Inc. filed a motion to dismiss. (Doc. Nos. 7-8.) Also on July 2, 2007, Defendant Wilbur-Ellis filed a motion to dismiss. (Doc. No. 10.) Additionally, Wilbur-Ellis filed a notice of joinder in Natural Balance's motion on July 10, 2007. (Doc. No. 11.)

Plaintiff filed a response in opposition to Natural Balance's motion on July 23, 2007. (Doc. No. 12.) Natural Balance filed a reply in support of its motion on July 30, 2007. (Doc. No. 15.) Plaintiff filed a response in opposition to Wilbur-Ellis' motion

on July 23, 2007. (Doc. No. 13.) Wilbur-Ellis filed a reply in support of its motion on July 30, 2007. (Doc. No. 14.)

For the reasons stated below, the Court **GRANTS in part and DENIES in part** Natural Balance's motion to dismiss and **GRANTS in part and DENIES in part** Wilbur-Ellis' motion to dismiss. The Plaintiff grants the motions without prejudice, and Plaintiff shall file any amended complaint no later than August 27, 2007.

## Background

According to the complaint, Defendants engaged in a scheme through which several varieties of Natural Balance pet food were sold to consumers with the label "Made in the USA" despite the fact that the products were manufactured either in whole or in part in China. (Compl. ¶¶ 2-5.) Plaintiff alleges that Defendants fraudulently concealed the true facts regarding the origin of the pet foods. (Id. ¶ 10.) Plaintiff alleges that Defendants only disclosed that components of the products came from China on or after April 17, 2007 as a result of an FDA investigation. (Id. ¶ 5.) According to the complaint, each Defendant company participated in the manufacture and/or distribution of a Natural Balance brand pet food product containing a false representation that the product was "Made in the USA." (Id. ¶ 6.)

Plaintiff alleges that Wilbur-Ellis imported from China the manufactured rice protein ingredient in Natural Balance brand pet foods. (Id. ¶ 7.) According to the complaint, Wilbur-Ellis participated in the scheme of marketing and labeling the pet food products or was responsible for the mislabeling of the pet food products. (Id.)

Plaintiff brings his complaint as a class action, and he asserts two claims in the complaint against both Defendants. First, he brings a claim for violation of the California Consumer Legal Remedies Act ("CLRA"), California Civil Code § 1770 et seq. Second, Plaintiff brings a claim for unfair competition in violation of California Business and Professions Code § 17200 et seq. and § 17500 et seq. ("UCL").

## Legal Standard

Rule 12(b)(6) permits dismissal of a claim either where that claim lacks a

cognizable legal theory, or where plaintiff alleges insufficient facts to support his theory. See Balistreri v. Pacifica Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). In resolving a Rule 12(b)(6) motion, the court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded factual allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). Although a plaintiff need not give "detailed factual allegations," mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action" are not sufficient to survive a motion to dismiss. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007). Instead, a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." Id.

Dismissal for failure to state a claim upon which relief can be granted is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. See N. Star Int'l v. Ariz. Corp. Comm'n, 720 F.2d 578, 583 (9th Cir. 1983). Furthermore, a court may not "supply essential elements of the claim that were not initially pled." Ivey v. Bd. of Regents of the Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982). If a court finds that a complaint fails to state a claim, the court should grant leave to amend unless it determines that the pleading could not possibly be cured by the allegation of other facts. See Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995).

As a general matter, a court may not consider any material beyond the pleadings in deciding a Rule 12(b)(6) motion. See Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). If the court considers matters outside of the pleadings, the court must treat the motion to dismiss as a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure "and all parties shall be given reasonable opportunity to present all material made pertinent to such motion by Rule 56." See Fed. R. Civ. P. 12(b); see also Hal Roach Studios, Inc., 896 F.2d at 1555 n.19.

/ / /

## Analysis

Defendants argue for dismissal on several grounds. First, Defendants contend that the Court should dismiss Plaintiff's CLRA claim because he failed to provide the required notice prior to bringing suit. Second, Defendants argue that Plaintiff has not stated a claim against them under California's UCL because alleged use of foreign rice protein is insufficient to preclude labeling a product as "Made in the USA." Finally, Wilbur-Ellis argues that Plaintiff has not, and cannot, plead facts stating a claim under either the CLRA or UCL against it.

### A.   Notice Requirements Under the CLRA

The CLRA allows individual consumers to bring suit to obtain relief for specified unlawful conduct. In "an action for damages" under the CLRA, a plaintiff must provide the defendant with written notice at least thirty days prior to bringing suit. Cal. Civil Code § 1782(a). The notice must specify the alleged violations, demand correction, and be sent via certified or registered mail. Id. In contrast to an action for damages, the CLRA expressly provides that "an action for injunctive relief . . . may be commenced without compliance with" the notice requirements in § 1782(a). Cal. Civil Code § 1782(d). Additionally, at least thirty days following commencement of an action for injunctive relief, and after compliance with the notice requirements in § 1782(a), a plaintiff may amend the complaint without leave of court to include a request for damages. Cal. Civil Code § 1782(d).

Defendants argue that, because Plaintiff seeks damages in his complaint and because he did not provide the required presuit notice, the Court must dismiss Plaintiff's claim under the CLRA. In opposition, Plaintiff agrees that he cannot seek damages under the CLRA at this time, states that he is not seeking damages under the CLRA, but argues that his requests for injunctive relief and restitution under the CLRA may proceed.

Plaintiff has not connected all of his various prayers for relief to particular claims, and it is unclear what remedies Plaintiff seeks under the CLRA. Nevertheless,

1  examining Plaintiff's complaint, he states in general terms that he seeks damages,
2  injunctive relief, and restitution. (Compl. ¶ 2, 4.) In his opposition, however, Plaintiff
3  notes that the prayer for damages was part of boilerplate pleading language and states
4  that he does not seek damages under the CLRA. To the extent the complaint prays for
5  damages under the CLRA, that claim fails for failure to give presuit notice. Courts
6  have reached different conclusions as to whether a premature claim for damages under
7  the CLRA requires dismissal with or without prejudice. Compare Laster v. T-Mobile
8  USA, Inc., 407 F. Supp. 2d 1181, 1195-96 (S.D. Cal. 2005) (describing statutory policy
9  of fostering early settlement of disputes and dismissing CLRA damages claim with
10 prejudice for lack of presuit notice), with Deitz v. Comcast Corp., 2006 WL 3782902,
11 *6-*7 (N.D. Cal. Dec. 21, 2006) (dismissing CLRA damages claim without prejudice
12 where complaint "alluded" to damages). Here, the complaint is unclear as to whether
13 Plaintiff seeks damages under the CLRA. Under the circumstances of this case, the
14 Court dismisses any damages allegation under the CLRA without prejudice.
15       To the extent the complaint seeks injunctive relief, that claim may proceed in
16 light of § 1782(d). See Kagan v. Gibraltar Sav. & Loan Assoc., 35 Cal. 3d 582, 591
17 (1984) ("This notice requirement need not be complied with in order to bring an action
18 for injunctive relief.").
19       As to requests for other equitable relief, such as restitution, however, the CLRA
20 does not specify any presuit notice requirement. In numerous cases California courts
21 have relied on the rule of statutory construction that expression in a statute of certain
22 things necessarily involves the exclusion of other things not expressed. See, e.g., Mut.
23 Life Ins. Co. v. City of Los Angeles, 50 Cal. 3d 402, 410 (1990) (describing this
24 familiar rule of statutory construction encompassed by the Latin phrase *expressio unius*
25 *est exclusio alterius*); Gilkas v. Zolin, 6 Cal. 4th 841, 852 (1993) (noting the common
26 rule of statutory construction and stating that court may not expand application of a
27 statute beyond that specified by the legislature). Accordingly, this rule of construction
28 counsels against implying a requirement for written presuit notice in suits seeking

equitable relief given that the legislature only specified a notice requirement in actions seeking damages.

This appropriateness of this interpretation is strengthened by the California legislature's specific enumeration of different types of CLRA actions in California Civil Code § 1781, which distinguishes between actions seeking "damages," "injunctive relief," and "restitution," and the legislature's specific requirement of notice only in actions "for damages" in § 1782(a). Additionally, California courts have noted that they have "authority to order restitution as a form of ancillary relief in an injunctive action." See Fletcher v. Sec. Pac. Nat'l Bank, 23 Cal. 3d 442, 453-54 (1979). Accordingly, absent statutory language requiring presuit notice, the Court declines to imply a notice requirement to Plaintiff's claim for restitution under the CLRA.

In sum, to the extent Plaintiff brings a claim under the CLRA for damages, the Court **DISMISSES** that claim without prejudice. Plaintiff's claim for injunctive relief under the CLRA may proceed. Finally, absent statutory language to the contrary, the Court declines to dismiss Plaintiff's CLRA claim seeking injunctive relief and restitution for failure to give presuit notice.

**B.     Unfair Competition Claims Against Natural Balance**

Natural Balance, joined by Wilbur-Ellis, argues that Plaintiff's complaint fails to state a claim under California's UCL arising out of false representations that pet food was "Made in the USA." According to Defendants, Plaintiff's second claim fails because the alleged foreign components of the pet food are simply foreign-sourced raw ingredients that were not made, manufactured, or produced outside the United States within the meaning of California Business and Professions Code § 17533.7. In response, Plaintiff contends that Defendants improperly dispute factual allegations, and he argues that, at the motion to dismiss stage, the Court must view the allegations in the complaint in the light most favorable to Plaintiff.

///

California Business and Profession Code § 17533.7 provides:

> It is unlawful for any person, firm, corporation or association to sell or offer for sale in this State any merchandise on which merchandise or its container there appears the words "Made in U.S.A.," "Made in America," "U.S.A." or similar words when the merchandise or any article, unit, or part thereof, has been entirely or substantially made, manufactured, or produced outside of the United States.

According to the California appellate court, the terms "made" and "manufacture" describe the physical process of turning raw materials into goods. See Colgan v. Leatherman Tool Group, Inc., 135 Cal. App. 4th 663, 685 (Ct. App. 2006).

Defendants contend that the rice protein identified in the complaint as coming from China is a raw ingredient that was not "made and/or manufactured" within the meaning of § 17533.7. Looking at the allegations in the complaint, however, Plaintiff has sufficiently alleged this claim on this ground. The complaint sufficiently alleges that components of the pet food were "made and/or manufactured" outside of the United States. According to the complaint, one of the foreign components of the pet food was a "manufactured rice protein ingredient." (Compl. ¶ 7.) Additionally, Plaintiff alleges that components of the pet foods were entirely or substantially made, manufactured, or produced outside of the United States. (Id. ¶¶ 9-10.) Although Defendants dispute the underlying facts and characterize the rice protein product as simply a "raw ingredient," the Court must construe all allegations in the light most favorable to Plaintiff. Therefore, Defendants' factual disputes do not provide a ground upon which to dismiss Plaintiff's claim.

Moreover, Defendants argue in the reply that the manufactured rice protein cannot be considered an "article, unit, or part" of the finished pet food product. Without citation to legal authority, Defendants state that ingredients generally do not fit within the statutory definition. At the motion to dismiss stage, however, Plaintiff has sufficiently alleged that a part of the pet food product was manufactured outside of the United States. Additionally, although the parties dispute the applicability of Federal Trade Commission standards concerning whether a product may be labeled

"Made in the USA" to interpretation of § 17533.7, Plaintiff's allegations are sufficient at this stage under both § 17533.7 itself and the federal standards. Therefore, the Court need not decide whether it may consider the federal standard as a guide in interpreting the California statute. Defendants may renew their arguments at a later stage of the proceedings.

### C.    Sufficiency of Allegations Against Wilbur-Ellis

Plaintiff brings claims against Wilbur-Ellis under both the CLRA and the UCL based on labeling of Natural Balance pet food products as "Made in the USA." Wilbur-Ellis contends that it imported the rice protein but had no role in labeling the pet food products at issue. Further, it argues that Plaintiff's complaint relies on conclusory allegations and fails to state a claim under either the CLRA or UCL.

In support of its argument that it plays no role in the marketing and labeling of Natural Balance pet foods, Wilbur-Ellis attaches a declaration from Joey Herrick, the president of Natural Balance, in which he states that Wilbur-Ellis does not take part in marketing or labeling Natural Balance pet foods. The Court may not consider Herrick's declaration, however, without converting the motion to dismiss into one for summary judgment. See Fed. R. Civ. P. 12(b). At this early stage of the proceedings, the Court declines to convert the motion to dismiss into one for summary judgment and, thus, does not consider the Herrick declaration.

Nevertheless, examining the allegations against Wilbur-Ellis in the complaint, Plaintiff has failed to state a claim under either the CLRA or the UCL. In particular, the complaint does not contain any factual allegations regarding how Wilbur-Ellis played a role in the marketing or labeling of the Natural Balance brand pet food as "Made in the USA." Instead, Plaintiff simply alleges in vague and conclusory terms that Wilbur-Ellis "participated in" the manufacturing and labeling of the Natural Balance pet food products. (See, e.g., Compl. ¶ 6.) Further, the complaint states that Wilbur-Ellis was "responsible, whole or in part, for importing the manufactured rice protein ingredient in Natural Balance brand pet food products from China and

supplying the same for use in the" products. (Id. ¶ 7.) While these statements allege that Wilbur-Ellis imported and supplied the rice protein ingredient, they do not connect it to any marketing or labeling decisions. Accordingly, the allegations are insufficient to state a claim under the CLRA or UCL arising out of the labeling of the pet food products because they are insufficient to put Wilbur-Ellis on notice of the nature of the claims pending against it. See Fed. R. Civ. P. 8(e). Plaintiff has not pleaded facts sufficient to "raise a right to relief above the speculative level" as to Wilbur-Ellis. Bell Atlantic Corp., 127 S. Ct. at 1964.

Moreover, Plaintiff alleges in conclusory terms that Wilbur-Ellis participated in a fraudulent scheme to misrepresent the country of origin of the pet food products. (See, e.g., id. ¶¶ 6, 7, 10.) Under Rule 9(b) of the Federal Rules of Civil Procedure all averments of fraud must state the circumstances constituting fraud with particularity. Rule 9(b)'s particularity requirement applies to state law causes of action. Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003). Moreover, even in cases in which fraud is not an essential element of a claim, Rule 9(b)'s particularity requirement applies to any averments of fraud. Id. Where a plaintiff alleges a uniform course of fraudulent conduct and relies on that conduct as the basis of a claim, the claim "sounds in fraud" and the plaintiff must plead the whole claim with particularity. Id. at 1103-04. In contrast, in cases in which the plaintiff does not allege a unified course of fraudulent conduct but alleges both fraudulent and non-fraudulent conduct, Rule 9(b)'s heightened pleading standard applies to allegations of fraud but not to the entire claim. Id. at 1104-05. If a plaintiff makes averments of fraud in a claim in which fraud is not an element, the court should "disregard the averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." Id. at 1105 (emphasis omitted). The Ninth Circuit has noted that fraud is not an essential element under either the CLRA or the UCL. Id.

Here, the Court need not determine whether Plaintiff's complaint sounds in fraud such that Rule 9(b) applies to the entire claims, or simply contains some allegations of

fraudulent conduct. To the extent Plaintiff's claims sound in fraud as to Wilbur-Ellis, he has failed to plead those claims with the particularity required by Rule 9(b). He provides no details whatsoever, but simply states that Wilbur-Ellis acted fraudulently or with fraudulent intent. See Vess, 317 F.3d at 1106 (any averments of fraud must include the who, what, when, where, and how of the alleged misconduct). Further, given that fraud is not an essential element of Plaintiff's claims, Plaintiff similarly fails to state a claim under either the CLRA or the UCL against Wilbur-Ellis if the Court disregards the fraud allegations not meeting Rule 9(b)'s requirements.

In sum, Plaintiff has failed to allege sufficiently his CLRA and UCL claims against Wilbur-Ellis. Therefore, the Court **DISMISSES** those claims as to Wilbur-Ellis. It is not clear, however, that Plaintiff could not sufficiently plead a cause of action against Wilbur-Ellis. Therefore, the Court grants the motion to dismiss on this ground without prejudice and allows Plaintiff an attempt to amend. See Doe, 58 F.3d at 497.

### Conclusion

For the reasons discussed, the Court **GRANTS in part** and **DENIES in part** Natural Balance's motion to dismiss. The Court **DISMISSES** without prejudice any claim for damages under the CLRA. Further, the Court **GRANTS in part** and **DENIES in part** Wilbur-Ellis' motion to dismiss. The Court **DISMISSES** without prejudice Plaintiff's claims against Wilbur-Ellis. Plaintiff shall file any amended complaint no later than August 27, 2007.

IT IS SO ORDERED.

DATED: August 7, 2007

MARILYN L. HUFF, District Judge
UNITED STATES DISTRICT COURT

COPIES TO:
All parties of record.