# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT ADAM KENNEDY, an individual, on behalf of himself, and on behalf of all persons similarly situated,<br><br>　　　　　　　　　Plaintiff,<br>vs.<br>NATURAL BALANCE PET FOODS, INC., a California corporation; and DOES 1 through 100, inclusive,<br><br>　　　　　　　　　Defendant. | CASE NO. 07-CV-1082 H (RBB)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO AMEND COMPLAINT** |

　　　　This action, which was removed to this Court on June 13, 2007, arises from Plaintiff's allegation that defendant Natural Balance Pet Foods, Inc. sold pet food products that contained foreign-sourced ingredients but were labeled for sale by Defendant as "Made in the USA." (Doc. No. 1.) Plaintiff's first amended complaint asserts violations by Defendant of the Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1770 et seq., and unfair competition in violation of Cal. Bus. & Prof. Code § 17200 et seq. (Doc. No. 18.) Defendant filed an answer to Plaintiff's first amended complaint on September 12, 2007. Doc. No. 19.)

　　　　On April 18, 2008, Plaintiff filed a motion to amend the complaint. (Doc. Nos. 37, 39.) Defendant filed a response in opposition on May 9, 2008. (Doc. No. 47.) The Court exercises its discretion pursuant to Civil Local Rule 7.1(d)(1) to decide this matter without oral argument and therefore vacates the hearing scheduled for May 19, 2008.

**Background**

Pursuant to the case management order issued on October 17, 2007, any motion to amend the pleadings "shall be filed and heard on or before April 21, 2008." (Doc. No. 23.) All interrogatories and requests for the production of documents must be served by May 19, 2008. Plaintiff is to designate the expert witnesses Plaintiff expects to call at trial no later than May 19, 2008. Defendant must designate the expert witnesses it expects to call at trial by June 16, 2008. June 30, 2008 is the deadline for supplemental designation of experts. All discovery shall be completed by July 14, 2008. (See Doc. No. 35.)

The second amended complaint that Plaintiff seeks leave to file would list additional products with allegedly false designations of geographic origins and additional foreign-sourced components. Plaintiff states that, at the time the first amended complaint was filed, Plaintiff knew of four products sold by Defendant that contained rice protein concentrate from China but were labeled for sale as "Made in the USA." Plaintiff identified those four products in the FAC. (FAC ¶ 2.) According to Plaintiff, discovery has "confirmed the existence of" other pet food products made by Defendant that contained other foreign-sourced components, including vitamins, taurine, lamb meal and venison meal. As a result, Plaintiff desires to amend the complaint to list each product, as well as the specific foreign-sourced components of those products. Amended in this manner, Plaintiff's complaint would list 42 products sold by Defendant.

Plaintiff also seeks to change the definition of the putative class. Currently, the operative complaint defines the class as follows: "All individuals in the United States who purchased one or more Natural Balance brand pet food products between May 3, 2003 and April 17, 2007." (FAC ¶ 17.) Through discovery Plaintiff has learned that some consumers who bought Natural Balance brand pet food products have received refunds for the purchase of those goods. Accordingly, the proposed amended complaint would define the class to exclude such individuals: "All individuals in the United States who purchased one or more of the following Natural Balance brand pet food products since May 3, 2003, excluding from this class those specific purchases of Natural Balance products for which a

1 full refund was paid to the consumer."

2 In addition to modifying the class definition, Plaintiff's proposed second amended
3 complaint would extend the class period by eliminating April 17, 2007, as the end of the
4 class period. Plaintiff contends that, initially, Defendant stated that sale of the products at
5 issue ceased on April 17, 2007, which is why Plaintiff's FAC capped the class at that date.
6 According to Plaintiff, the testimony of Defendant's Rule 30(b)(6) witness has confirmed
7 that the "Made in USA" label was not removed from Natural Balance brand pet food
8 products until August of 2007. Finally, Plaintiff's proposed amended complaint modifies
9 Plaintiff's claim under the CLRA to include a request for damages. Plaintiff states that
10 Plaintiff served the requisite statutory notice and Defendant refused to provide the relief
11 demanded.

### **Discussion**

13 Defendant opposes Plaintiff's motion to amend the complaint. Defendant argues
14 that the motion is untimely pursuant to the deadline set by the case management order for
15 motions to amend the pleadings. Defendant also contends that it will suffer prejudice if
16 Plaintiff is permitted to amend its complaint.

17 **I.    Motion to Amend – Legal Standard**

18 Once a responsive pleading has been filed, a party may amend its complaint only
19 with leave of the court. See Fed. R. Civ. P. 15(a). Although Rule 15 instructs that leave to
20 amend "shall be freely given when justice so requires," courts deny leave to amend when
21 the moving party has engaged in undue delay, bad faith or dilatory tactics, where
22 amendment would result in undue prejudice to the opposing party, or where amendment
23 would be futile. See Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th
24 Cir. 2003). "Prejudice is the touchstone of the inquiry under Rule 15(a)." Id.

25 The Court concludes that, in the circumstances of this case, granting leave to amend
26 the complaint would result in undue prejudice to Defendant. Shortly before the close of
27 discovery, Plaintiff seeks to significantly expand the number of products referred to in the
28 complaint, as well as expand the time period covered by the definition of the putative class.

1  Plaintiff's proposed amended complaint also adds a new claim for damages under
2  Plaintiff's CLRA claim.  Under the current case management order, Defendant would have
3  a very limited time period within which to conduct discovery as to those new matters.  For
4  example, Defendant would be forced to designate its expert witnesses for trial within days
5  of the filing of Plaintiff's amended complaint.  Any additional discovery required with
6  respect to the new matters would need to be completed in less than two months.  Moreover,
7  Defendant would be forced to conduct that discovery, at potentially great expense, without
8  the opportunity to file Rule 12 or other challenges to the amended pleading.
9        The alternative would be to significantly delay discovery and all other pretrial
10 proceedings in order to allow Defendant to file pleading challenges and, to the extent
11 necessary, conduct discovery regarding Plaintiff's second amended complaint.  The Court
12 concludes that this course of action also would result in undue prejudice to Defendant.
13 Accordingly, the Court is not persuaded that this case should be significantly disrupted
14 shortly before the discovery cutoff and related deadlines, particularly in light of the fact
15 that Plaintiff's motion to amend is untimely pursuant to the case management order issued
16 in October of 2007.  Rule 15(a) directs courts to grant leave to amend only "when justice so
17 requires," and based on all the circumstances of this case, the Court concludes that
18 amendment is not warranted.[1]  Exercising the Court's discretion, the Court denies
19 Plaintiff's motion to amend the complaint.

## **Conclusion**

21       For the reasons stated above, the Court denies Plaintiff's motion to amend the
22 complaint.  The Court notes that Plaintiff's motion for class certification, filed April 23,
23 2008, requests certification of a class as defined by Plaintiff's proposed second amended
24 complaint.  (See Doc. No. 43.)  Since the Court denies leave to further amend the
25 complaint, the Court denies without prejudice Plaintiff's motion for class certification.
26 Within 30 days of the date this order is stamped "filed," Plaintiff may file a new motion for
27
28     [1] The Court takes no position on whether an additional case may cover the additional claims.

- 4 -                                                                     07cv1082

1 class certification.

2     Absent a joint motion or an agreement of the parties embodied in an order of this Court, the Court declines to order a special briefing schedule for Plaintiff's motion for class certification. Accordingly, the Court denies without prejudice Defendant's ex parte application for an order setting a briefing schedule and hearing date with respect to that motion. (Doc. No. 45.)

IT IS SO ORDERED.

DATED: May 13, 2008

                                                  _____
                                                  MARILYN L. HUFF, District Judge
                                                  UNITED STATES DISTRICT COURT